United States District Court
Southern District of Texas
**ENTERED**
October 16, 2020
David J. Bradley, Clerk

**UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| YUSIEL MENDEZ-DIAZ, § | | |
| Petitioner § | | |
| § | | |
| v. § | | Civil Action No. 1:20-cv-166 |
| § | | |
| WILLIAM BARR, ET AL., § | | |
| Respondents § | | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Yusiel Mendez-Diaz's pro se Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (hereinafter referred to as Mendez-Diaz's "Petition" or "2241 Petition"). *See* Dkt. No. 1. Mendez-Diaz's Petition states that he is in the physical custody of Respondents and is being detained at the Port Isabel Detention Center in Los Fresnos, Texas. *Id*. at 2. He claims that his release from this detention is proper pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he has been detained longer than the six-month period declared presumptively reasonable in *Zadvydas*. *Id*. at 3, 6-7. For the reasons provided below, it is recommended that the Court **TRANSFER** Mendez-Diaz's Petition to the United States District Court, Northern District of Alabama, Middle Division.

**I. Discussion**

A petitioner challenging his current physical confinement under 28 U.S.C. § 2241 must file his petition in the district court embracing his place of confinement. *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014); *Devadas v. United States Dept. of Justice, et al.*, No. 1:20-CV-00370, 2020 WL 5848431, at *1 (W.D. La. July 15, 2020), *report and recommendation adopted sub nom. Devadas v. United States Dep't of Justice*, No. 1:20-CV-

00370, 2020 WL 5835013 (W.D. La. Sept. 29, 2020). If a § 2241 petition is filed in the district of the petitioner's confinement, jurisdiction attaches at the time of filing, and it is not destroyed by the transfer of the petitioner to another location. *Id.* A pro se habeas petition is considered filed on the day the petitioner provides it to prison mailing authorities. *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992); *Villalon v. Immigration & Naturalization Serv.*, 549 F. App'x 288, (Mem)–289 (5th Cir. 2013) (unpublished); *Jimenez v. Texas*, No. 2:19-CV-41, 2019 WL 3719492, at *1–3 (S.D. Tex. July 18, 2019), *report and recommendation adopted*, No. 2:19-CV-41, 2019 WL 3713887 (S.D. Tex. Aug. 7, 2019); *Davis v. Tanner*, No. CIV.A. 12-1497, 2014 WL 668957, at *4 (E.D. La. Feb. 20, 2014).

It appears Mendez-Diaz wrote and signed his Petition while being detained at the Port Isabel Detention Center ("PIDC") in Los Fresnos, Texas. *See* Dkt. No. 1 at 2-10. Nevertheless, it is clear that he was transferred out of this Court's jurisdiction before he could deliver his Petition to PIDC authorities for mailing. In a letter attached to his Petition, Mendez-Diaz states that he has "been transferred to the state of Alabama." *Id.* at 11. Mendez-Diaz's Petition and letter both arrived in an envelope with the following return address: "Etowah County Detention Center, 827 Forrest Avenue, Gadsden, AL 35901." *Id.* at 12. The envelope is also stamped with the words "Mailed from Etowah County Jail." *Id.* When Mendez-Diaz signed his Petition, he did not include a statement that he was delivering the Petition to PIDC authorities for mailing. *Id.* at 10. These facts make it clear that Mendez-Diaz gave his Petition and attached letter to Etowah County Detention Center authorities for mailing once he arrived in Alabama.

Because he was in Alabama when he delivered his Petition to his custodians for mailing, Mendez-Diaz did not file his Petition in the district of his confinement, and

jurisdiction did not attach in this District. *See Ramirez-Nieves v. United States*, No. CR M-09-1851-3, 2015 WL 13388107, at *2 (S.D. Tex. July 2, 2015) ("This Court lacks jurisdiction to consider Movant's claims, which arise under § 2241, because he was not incarcerated in this district when he filed this action."), *report and recommendation adopted*, No. CR M-09-1851-03, 2015 WL 13388194 (S.D. Tex. July 28, 2015) (citing *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) and *Griffin v. Ebbert*, 751 F.3d 288, 290–91). The United States District Court, Northern District of Alabama, Middle Division embraces the Etowah County Detention Center. The detainee-locator cite for U.S. Immigration and Customs Enforcement ("ICE") reveals that Mendez-Diaz is still being detained in the Etowah County Detention Center. *See* https://locator.ice.gov/odls/#/results (last visited on October 16, 2020). Pursuant to *Griffin v. Ebbert*, it is recommended that the Court employ 28 U.S.C. § 1631 ("Transfer to cure want of jurisdiction") and transfer this case to the United States District Court, Northern District of Alabama, Middle Division. *See Griffin v. Ebbert*, 751 F.3d 288, 290 (vacating a district court's order of dismissal without prejudice and transferring a § 2241 petitioner's case to the correct jurisdiction in the interests of justice pursuant to 28 U.S.C. § 1631).

In *Griffin v. Ebbert*, the Court of Appeals for the Fifth Circuit reviewed an order issued by the U.S. District Court for the Southern District of Mississippi. 751 F.3d 288, 290. The Mississippi district court dismissed Willie J. Griffin, Jr.'s § 2241 petition without prejudice, finding that it lacked jurisdiction. *Id*. Griffin had originally filed his petition in the U.S. District Court for the Middle District of Pennsylvania. *Id*. at 289-90. At the time of filing, Griffin was in custody within the Middle District of Pennsylvania. Thereafter, Griffin was transferred twice before arriving in Mississippi. His § 2241 case was transferred from Pennsylvania to Minnesota, and finally to Mississippi. *Id*. However, before the U.S. District

Court for the Southern District of Mississippi could rule on his Petition, Griffin was transferred "from Mississippi to a federal prison in another state." *Id.* at 290. The U.S. District Court for the Southern District of Mississippi issued an order on August 4, 2011, dismissing Griffin's petition without prejudice for lack of jurisdiction. *Id.* The Fifth Circuit vacated the district court's order, finding that transferring Griffin's case back to Middle District of Pennsylvania was the appropriate remedy, rather than dismissing it without prejudice. *Id.*

In support of its decision, the Fifth Circuit found that jurisdiction had attached in the U.S. District Court for the Middle District of Pennsylvania when Griffin originally filed his petition there. *Griffin*, 751 F.3d 288, 290. The appellate court also indicated that dismissing Griffin's case without prejudice was not in the interests of justice. The Fifth Circuit noted that petitioners are often transferred; and, if their § 2241 cases cannot "catch up," they might never receive a review of their § 2241 claims on their merits. *Id.* ("Although we doubt that the government played forum games or kept moving Griffin so that his filing could not catch up, the result is the same as if that had been the case. Griffin's claim should not be delayed any further.") (footnote omitted). Pursuant to *Griffin v. Ebbert*, then, it appears that transfer, rather than dismissal without prejudice, is the most appropriate course of action here.

That said, the Fifth Circuit transferred Griffin's case back to the court where jurisdiction originally attached. *Griffin*, 751 F.3d 288, 290. Here, jurisdiction has yet to attach anywhere because Mendez-Diaz has yet to file his Petition in the district of his confinement. In light of this difference, it appears that the Court could dismiss Mendez-Diaz's Petition without prejudice to allow him to file his Petition in Alabama and name his current custodians as respondents. *See Ramirez-Nieves v. United States*, No. CR M-09-

1851-3, 2015 WL 13388107, at *2 (choosing dismissal without prejudice, rather than transfer pursuant to 28 U.S.C. § 1631, on facts distinguishable from *Griffin v. Ebbert* and this case). Dismissal without prejudice, however, seems more likely to result in the kind of potential harms and unnecessary delays that *Griffin* cautions against.  *See Griffin*, 751 F.3d 288, 290 (finding transfer appropriate so that Griffin's claim would "not be delayed any further.").

In relevant part, § 1631 of Title 28 provides that whenever a civil action is filed in a court that lacks jurisdiction, "the court *shall*, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed[.]" 28 U.S.C. § 1631 (emphasis added).  Here, Mendez-Diaz's letter indicates that he was transferred before he could give his Petition to PIDC authorities for mailing, and his transfer was not within his control.  Dkt. No. 1 at 11.  Mendez-Diaz's letter also indicates that he thought it proper to file his Petition in this Court because he believed his underlying immigration case was "still pending in Texas." *Id*.  Mendez-Diaz's Petition states that: (1) he has been detained since March 8, 2020; (2) he is under a final order of removal; (3) he has a credible fear of being tortured upon his return to Cuba; (4) he has cooperated with ICE's attempts to effectuate his removal; (5) he has been denied release pending removal; and (6) ICE expects his removal will occur in the reasonably foreseeable future. *Id*. at 3-5.  There is nothing on the face of his Petition indicating that a delayed consideration of claims is in the interest of justice.

Accordingly, for all the foregoing reasons, it is recommended that the Court **TRANSFER** Mendez-Diaz's Petition to the United States District Court, Northern District of Alabama, Middle Division. *See* 28 U.S.C. § 1631 (stating that a "court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed"); 28 U.S.C. § 2241 (b) (noting that

a court "may transfer" a writ of habeas corpus); *Griffin*, 751 F.3d 288, 290-91 (vacating a district court's order of dismissal without prejudice and transferring a § 2241 petitioner's case in the interests of justice pursuant to 28 U.S.C. § 1631); *Ramirez-Nieves*, No. CR M-09-1851-3, 2015 WL 13388107, at *2 (noting that § 1631 requires transfer when it is in the interests of justice); *Livingston v. United States*, No. 2:14CV61, 2015 WL 224987, at *3 (E.D. Va. Jan. 13, 2015) (noting that a § 1631 interest-of-justice transfer applied to require the transfer of a § 2241 petition "as opposed to dismissal for lack of jurisdiction.").

## II.  Recommendation

It is recommended that the Court **TRANSFER** Mendez-Diaz's Petition to the United States District Court, Northern District of Alabama, Middle Division.

## III.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this 16th day of October, 2020, at Brownsville, Texas.

Ignacio Torteya, III
United States Magistrate Judge